UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTINE FREY,**

**Plaintiff,**  Case No.:

v.

**FRESHPOINT CENTRAL FLORIDA, INC.,**
**A Florida Profit Corporation,**

**Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHRISTINE FREY (hereinafter referred as "FREY" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant FRESHPOINT CENTRAL FLORIDA, INC. (hereinafter referred as "FRESHPOINT" or "Defendant"), pursuant to the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and in support of states as follows:

## NATURE OF CASE

The ADAAA prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. Defendant violated the ADAAA by failing to accommodate Plaintiff and discriminating against her because of her disability. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

The FMLA is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in her FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. FREY is an individual residing in Orange County, Florida.

2. FRESHPOINT is a produce distribution company in Orlando, Florida.

3. FREY was employed as a Marketing Associate for FRESHPOINT.

4. By the very nature of its work, FRESHPOINT is a corporation that is engaged in commerce.

5. FRESHPOINT is engaged in an industry affecting commerce.

6. FRESHPOINT employs more than fifty (50) employees.

7. FRESHPOINT employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

8. Plaintiff is an "employee" as defined by the FMLA.

9. FRESHPOINT is an "employer" as defined by the FMLA.

10. At all times material, FREY was an "employee" of FRESHPOINT as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

11. At all times material, FRESHPOINT was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

12. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

13. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

14. Plaintiff worked for FRESHPOINT in Orange County, Florida.

15. FRESHPOINT conducts business in Orange County, Florida.

16. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

17. On or about May 5, 2020, FREY timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADA). A copy of this Charge, No. 511-2020-03123, is attached hereto as Exhibit A.

18. The EEOC, on or about May 28, 2020, issued to FREY a Dismissal and Notice of Rights as to the Charge attached as Exhibit B.

19. This action is being commenced within 90 days of FREY's receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

20. Plaintiff started working for Defendant in November 2008.

21. Plaintiff was employed with Defendant for one (1) calendar year leading up to January 2020.

22. Plaintiff worked over 1,250 hours for Defendant during the year immediately preceding January 2020.

23. Plaintiff suffers from end-stage kidney failure.

24. The kidney failure causes exhaustion.

25. Plaintiff also suffers from diabetic retinopathy.

26. The diabetic retinopathy causes vision issues.

27. Plaintiff's medical conditions substantially limit life activities.

28. By way of her medical conditions, Plaintiff is disabled as defined by the ADAA.

29. At all material times, Plaintiff was qualified to perform her job duties.

30. However, Plaintiff received treatment and could still perform her job duties with or without reasonable accommodation.

31. Plaintiff had previously asked her Sales Supervisor, Kelly Kerney, and Defendant's HR Manager, Christy Cox ("Cox"), for an accommodation of a lower desk so that she did not have to stand for long periods of time.

32. The accommodation of a lower desk was granted.

33. Notably, Plaintiff's role was in customer service, sitting at a desk, so she was able to perform with reasonable accommodations.

34. However, things changed once Plaintiff's medical conditions forced her to need time off of work.

35. Indeed, in January 2020, Plaintiff needed some time off (3 consecutive days) due to vision issues related to her disabilities.

36. Plaintiff requested time off due to her disabilities.

37. Plaintiff was granted time off due to her disabilities.

38. Plaintiff provided medical documentation for her absences.

39. Moreover, Plaintiff was cleared to return to work by her medical doctor.

40. In fact, Plaintiff gave the Defendant her return to work notice on or about January 22, 2020.

41. But despite calling Cox daily, asking if she could return to work, Defendant did not return Plaintiff to her position.

42. Suddenly, on February 7, 2020, Defendant fired Plaintiff.

43. At the time of her termination, Plaintiff had submitted documents to request FMLA.

44. Plaintiff had given adequate notice to Defendant of her intent and need to use FMLA.

45. At the time of her termination, Plaintiff had already been approved for FMLA.

46. Despite already being approved for FMLA, Defendant did not return Plaintiff to her position.

47. The termination was an adverse employment action.

48. The termination was unlawful discrimination based on Plaintiff's disability.

49. Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

50. Defendant's actions, including terminating Plaintiff, were discriminatory.

51. Defendant's actions, including terminating Plaintiff, were retaliatory.

52. Defendant was aware of Plaintiff's intent to use FMLA.

53. Defendant was aware of Plaintiff's use of FMLA.

54. Defendant had approved Plaintiff's use of FMLA.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF ADAAA

55. Plaintiff realleges and adopts allegations contained in paragraphs 1-54, as if fully set forth in this Count.

56. Plaintiff is a member of a protected class because she is disabled.

57. Plaintiff was a qualified individual.

58. At all material times, Plaintiff was qualified to perform her job duties.

59. Defendant knew of Plaintiff's disabilities.

60. Plaintiff requested an accommodation from Defendant.

61. A reasonable accommodation existed that would have allowed Plaintiff to perform essential functions of the job.

62. Defendant failed to provide a reasonable accommodation.

63. Defendant terminated Plaintiff because of her accommodation requests.

64. Defendant terminated Plaintiff because of her disabilities.

65. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under ADAAA because it treated Plaintiff less favorably because of her disability.

66. Defendant did not subject the non-disabled employees to discriminatory treatment.

67. Plaintiff suffered an adverse employment action when she was terminated.

68. The discrimination to which Plaintiff was subjected was based on her disability.

69. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

70. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

72. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to ADAAA.

73. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

74. FREY's medical conditions and restrictions were a motivating cause of FRESHPOINT's discriminatory behavior towards FREY, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

75. FRESHPOINT's conduct, including but not limited to terminating Plaintiff instead of engaging in the interactive process and/or providing a reasonable accommodation discriminated against FREY with respect to the compensation, terms, conditions, or privileges of employment because of FREY's disability and/or perceived disability.

76. As a natural, proximate and foreseeable result of the actions of FRESHPOINT, FREY has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

77. The disability discrimination FREY suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CHRISTINE FREY, demands judgment against the Defendant and requests this Court award damages including:

78. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADAAA;

79. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

80. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

81. Compensatory damages;

82. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

83. Prejudgment interest, and, if applicable, post-judgment interest;

84. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to ADAAA; and

85. Provide any additional relief that this Court deems just.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF ADAAA

86. Plaintiff realleges and adopts allegations contained in paragraphs 1-54, as if fully set forth in this Count.

87. Plaintiff is a member of a protected class because she is disabled.

88. Plaintiff was a qualified individual.

89. At all material times, Plaintiff was qualified to perform her job duties.

90. Defendant knew of Plaintiff's disabilities.

91. Defendant terminated/discharged Plaintiff.

92. Defendant terminated/discharged Plaintiff because of her disabilities.

93. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under ADAAA because it treated Plaintiff less favorably because of her disability.

94. Defendant did not subject the non-disabled employees to discriminatory treatment.

95. Plaintiff suffered an adverse employment action when she was terminated.

96. The discrimination to which Plaintiff was subjected was based on her disability.

97. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

98. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

99. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

100. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to ADAAA.

101. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

102. FREY's medical conditions and restrictions were a motivating cause of FRESHPOINT's discriminatory behavior towards FREY, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

103. FRESHPOINT's conduct, including but not limited to terminating Plaintiff instead of engaging in the interactive process and/or providing a reasonable accommodation discriminated against FREY with respect to the compensation, terms, conditions, or privileges of employment because of FREY's disability and/or perceived disability.

104. As a natural, proximate and foreseeable result of the actions of FRESHPOINT, FREY has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

105. The disability discrimination FREY suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CHRISTINE FREY, demands judgment against the Defendant and requests this Court award damages including:

106. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADAAA;

107. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

108. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

109. Compensatory damages;

110. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

111. Prejudgment interest, and, if applicable, post-judgment interest;

112. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to ADAAA; and

113. Provide any additional relief that this Court deems just.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADAAA

114. FREY realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-54 above.

115. FREY requested a reasonable accommodation for her disability/perceived disability.

116. FREY's accommodation request constituted protected activity under the ADAAA.

117. FREY was terminated when she requested three days off due to disability related vision issues.

118. Upon information and belief, FRESHPOINT's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation, and resulting termination of FREY's employment, was, in whole or in part, motivated by FREY's request for accommodation.

119. As a natural, proximate and foreseeable result of FRESHPOINT's actions, FREY has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

120. The conduct of FRESHPOINT's management was in such reckless disregard of FREY's federal statutory rights against retaliation as to entitle FREY to recover an award of punitive damages to punish FRESHPOINT and to deter it and others from such conduct in the future.

121. The retaliation FREY suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

122. FREY is entitled to recover reasonable attorneys' fees and litigation expenses against FRESHPOINT.

WHEREFORE, Plaintiff, CHRISTINE FREY, demands judgment against the Defendant and requests this Court award damages including:

123. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADAAA;

124. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

125. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

126. Compensatory damages;

127. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

128. Prejudgment interest, and, if applicable, post-judgment interest;

129. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to ADAAA; and

130. Provide any additional relief that this Court deems just.

## COUNT IV
### INTERFERENCE UNDER THE FMLA

131. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 54 above as if fully set forth herein.

132. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

133. FRESHPOINT was Plaintiff's employer as defined by the FMLA.

134. Plaintiff's request for time off due to her medical conditions qualified her to use FMLA.

135. Plaintiff's request for time off due to her medical conditions was adequate notice to Defendant that she required FMLA.

136. Defendant was obligated to notify Plaintiff of her FMLA eligibility and entitlement once it was aware of her need for medical leave.

137. Defendant terminated Plaintiff instead of allowing her to return to her position after medial absences.

138. The termination was an adverse employment action.

139. FRESHPOINT's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

140. As a direct, natural, proximate and foreseeable result of the actions of FRESHPOINT, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

141. Plaintiff has no plain, adequate or complete remedy at law for the actions of FRESHPOINT, which have caused and continue to cause irreparable harm.

142. FRESHPOINT's violations of the FMLA were willful.

143. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

144. Judgment in her favor and against FRESHPOINT for their interference with her rights under the FMLA;

145. Judgment in her favor and against FRESHPOINT for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of FRESHPOINT's conduct;

146. Judgment in her favor and against FRESHPOINT for her reasonable attorneys' fees and litigation expenses;

147. Judgment in her favor and against FRESHPOINT for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

148. Declaratory judgment that FRESHPOINT'S practices toward Plaintiff violate her rights under the FMLA; and

149. An order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## RETALIATION UNDER THE FMLA

150. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 54 above as if fully set forth herein.

151. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

152. FRESHPOINT was Plaintiff's employer as defined by the FMLA.

153. Plaintiff's request for time off due to her medical conditions qualified her to use FMLA.

154. Plaintiff's request for time off due to her medical conditions was adequate notice to Defendant that she required FMLA.

155. Plaintiff's request for time off pursuant to FMLA constituted protected activity.

156. The termination of Plaintiff was an adverse employment action.

157. A causal connection exists between Plaintiff's protected activity and her termination.

158. Plaintiff was terminated within days of requesting and/or needing FMLA.

159. FRESHPOINT discriminated and/or retaliated against Plaintiff because FRESHPOINT knew she was eligible for leave under the FMLA.

160. FRESHPOINT discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

161. FRESHPOINT had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

162. FRESHPOINT'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

163. FRESHPOINT'S discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

164. FRESHPOINT'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

165. As a direct, natural, proximate and foreseeable result of the actions of FRESHPOINT, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

166. Plaintiff has no plain, adequate or complete remedy at law for the actions of FRESHPOINT, which have caused and continue to cause irreparable harm.

167. FRESHPOINT'S violations of the FMLA were willful.

168. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

169. Judgment in her favor and against FRESHPOINT for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

170. Judgment in her favor and against FRESHPOINT for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of FRESHPOINT'S conduct;

171. Judgment in her favor and against FRESHPOINT for her reasonable attorneys' fees and litigation expenses;

172. Judgment in her favor and against FRESHPOINT for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

173. Declaratory judgment that FRESHPOINT'S practices toward Plaintiff violate her rights under the FMLA; and

174. An order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __25th__ day of August, 2020.

                                                                                                      Respectfully submitted,
                                                                                                      ***/s/ Louis Montone***
                                                                                                       Carlos V. Leach, Esq.
                                                                                                       Fla. Bar No.: 540021
                                                                                                       Louis Montone, Esq.
                                                                                                        Fla. Bar No.: 0112096
                                                                                                        The Leach Firm, P.A.
                                                                                                        631 S. Orlando Ave., Suite 300
                                                                                                        Winter Park, Florida 32789

Office: (407) 574-4999
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
E-mail: lmontone@theleachfirm.com
***Attorneys for Plaintiff***